IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TODD MICHAEL HEYNE,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT B. EVNEN, in his official capacity as Nebraska Secretary of State; SPECIAL COUNSEL OF THE UNITED STATES OFFICE OF SPECIAL COUNSEL, The; SCOTT KUPOR, in his official capacity as Director of the Office of Personnel Management of the United States; and DAVID STEINER, in his official capacity as Postmaster General of the United States;<br><br>Defendants. | **8:26CV261**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's *ex parte* Motion for Temporary Restraining Order and Preliminary Injunction. (Filing No. 4.)

**BACKGROUND**

Plaintiff, proceeding *pro se*, initiated this suit on June 9, 2026, alleging that the Hatch Act and the State of Nebraska's election laws are unconstitutional as applied to him because he is a non-policymaking federal employee who wants to engage in off-duty political activity.[1] (Filing No. 1.) Specifically, Plaintiff wants to pursue ballot access for election to the United States House of Representatives. (Filing No. 1.) Plaintiff's Complaint seeks declaratory and injunctive relief to

---

[1] The Hatch Act prohibits federal civilian executive branch employees from being candidates for partisan political office. 5 U.S.C. § 7323(a)(3); 39 U.S.C. § 410.

prevent enforcement of the Hatch Act and Nebraska State Law to allow him to proceed as a candidate for election. (Filing No. 1.).

## DISCUSSION

The standard for analyzing a motion for a temporary restraining order ("TRO") is the same as the standard for analyzing a motion for a preliminary injunction. *Tumey v. MyCroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022). For each, the court considers (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction would inflict on other interested parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest ("*Dataphase* factors"). *Johnson v. Minneapolis Park & Recreation Bd.*, 729 F.3d 1094, 1098 (8th Cir. 2013) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.dd 109, 114 (8th Cir. 1981)). No single factor is dispositive. *Tumey*, 27 F.4th at 665. The primary function of a TRO is to preserve the *status quo* until the district court has an opportunity to grant full effective relief. *Id*. The burden of establishing the propriety of a TRO is on the movant. *Id*.

Plaintiff requests that the Court enter a TRO that (1) enjoins Defendants from "investigating, threatening, or taking any adverse employment action" against him based on his "petition-related, exploratory, and litigation activities under the Hatch Act;" (2) enjoining Defendant Robert Evnen from "enforcing Neb. Rev. Stat. § 32-616's March 1 party-affiliation deadline against Plaintiff;[2] and (3) "ordering Defendant Evnen to permit Plaintiff to obtain, circulate, and submit petition forms for ballot access as a nonpartisan candidate for the United States House of Representatives, Nebraska's 2nd Congressional District, in the 2026 general election, with equitable tolling of any filing deadlines adversely affected by Defendants' enforcement or the pendency of this litigation." (Filing No. 4.)

Significantly, Plaintiff seeks issuance of a TRO without first providing notice to Defendants. Federal Rule of Civil Procedure 65 permits such relief, but only if (1) specific facts in an affidavit or complaint show that "immediate and irreparable injury, loss, or damage will

---

[2] This statute provides, in part, that "[a]ny registered voter who was not a candidate in the primary election and who was not registered to vote with a party affiliation on or after March 1 and before the general election in the calendar year of the general election may have his or her name placed on the general election ballot for a partisan office by filing petitions as prescribed in sections 32-617 to 32-621 or by nomination by political party convention or committee pursuant to section 32-627 or 32-710." Neb. Rev. Stat. § 62-616.

result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65.

Plaintiff claims he will sustain immediate injury if a TRO is not entered without notice to Defendants because his deadline to become a candidate for election is August 1, 2026. Further, Plaintiff contends he is worried he will be fired from his job as a postal carrier if Defendants are notified of this motion before injunctive relief is entered. Contrary to Plaintiff's contention, the record does not show that this situation is an emergency, nor does the record show that Plaintiff's concerns about losing his job due to this lawsuit are legitimate.

On April 15, 2026, the U.S. Office of Special Counsel corresponded with Plaintiff about his concerns pertaining to the Hatch Act. (Filing No. 3.) In response to that correspondence—on April 17, 2026—Plaintiff informed the U.S. Office of Special Counsel that he would be filing this suit. (Filing No. 3 at CM/ECF p. 4). This evidence indicates that Plaintiff's concern about retaliation is not legitimate. Also, on April 7, 2026, Plaintiff was told by the Nebraska Secretary of State's Office that he was ineligible to seek candidacy by petition because he was not registered as nonpartisan until April 1, 2026. (Filing No. 3.) At that time, the Nebraska Secretary of State's Office suggested that Plaintiff seek legal counsel if he disagreed with the decision. (Filing No. 3.) However, Plaintiff did not file this suit until two months later. Therefore, the Court will not enter injunctive relief before Defendants have a chance to be heard.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for a temporary restraining order is denied.
2. Defendants shall respond to Plaintiff's motion for a preliminary injunction within seven days of its receipt.
3. A preliminary injunction hearing will be promptly set after the Court receives Defendants' response to Plaintiff's motion.
4. Plaintiff is directed to serve Defendants with this Memorandum and Order, along with a copy of the Complaint (Filing No. 1) and motion for a preliminary injunction (Filing

3

No. 4). Thereafter, Plaintiff must file a declaration with the Court indicating the date the Memorandum and Order, Complaint, and motion were provided to Defendants and the means in which the Defendants were served with the materials.

5. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff at his address of record and additionally email a copy of this Memorandum and Order to Plaintiff at heyne777@gmail.com.

Dated this 10th day of June, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

4